**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT LANDON,

    Plaintiff - Appellant,

v.

HOLLY BLUMER, Nurse, BCCF Medical
Dept.,

    Defendant - Appellee,

and

CORRECTIONAL HEALTH PARTNERS
C.H.P., TIMOTHY ROLAND BROWN,
M.D.

    Defendants.

No. 20-1123
(D.C. No. 1:18-CV-01588-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Plaintiff Robert Landon, a federal inmate appearing *pro se*, laid down on his

bed to watch television when a sewing needle embedded in his sheets stuck him the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

back.[1]  When he pulled the needle out of his back, a portion of the needle broke off

and remained in his body.  Although Plaintiff eventually had surgery to remove the

needle, an infection developed, and he now finds himself in a wheelchair.  Among

others, Plaintiff sued one of the prison nurses, Holly Blumer, for deliberate

indifference to his medical needs in violation of the Eighth Amendment.  Plaintiff

appeals the district court's grant of summary judgment in favor of Defendant

Blumer.[2]  We agree with the district court that Plaintiff did not create a genuine issue

of material fact as to whether Defendant Blumer consciously disregarded his medical

needs.  Our jurisdiction arises under 28 U.S.C. § 1291.  We affirm.

## I.

On "blanket day"—the day inmates send their blankets to laundry—Plaintiff

made his bed with a freshly-laundered blanket.  He laid down on his bed and then

propped himself up.  While doing so, a sewing needle jammed in his back.  Plaintiff

tried to pull the needle from his back, but when he did, the needle broke.  Plaintiff

informed a corrections officer of his problem and she allowed him to go to medical

for an assessment.

Nurse Lon Lowery initially examined Plaintiff.  His notes recount that Plaintiff

did not see the needle in one piece and did not know if the needle was broken prior to

---

[1] Because Defendant is proceeding *pro se*, we review his pleadings and filings liberally.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

[2] We grant Plaintiff's motion to proceed in forma pauperis on appeal but remind him of his obligation under 28 U.S.C. § 1915(b)(1)–(2) to continue making partial payments until he has paid his filing fee in full.

sticking Plaintiff. Plaintiff further described his pain level as a two on a scale of ten. During this time, Defendant Nurse Blumer—according to Plaintiff, the charge nurse that day—stepped into the examination room. Plaintiff asserts that Blumer looked at his back, noted the absence of blood, tapped the end of the needle, and said that the broken needle was the object that punctured his back. Blumer then left the room.

Lowery did not observe any portion of the sewing needle in Plaintiff's back. Lowery, however, contacted a doctor who ordered an x-ray that an assistant scheduled for the next morning. The x-ray revealed that Plaintiff did, in fact, have a foreign object in his back. The prison sent him to a nearby emergency room the same day as the x-ray. Because the needle was too deep to easily remove, the hospital scheduled a consultation with a surgeon for eleven days later. Just shy of two months following the consultation, Plaintiff had surgery to remove the needle. Unfortunately, Plaintiff's wound became infected and Plaintiff needed an additional surgery, which he had six months later. An MRI taken over a year after the second surgery indicated a metallic substance remained in his back. Plaintiff is now wheelchair-bound.

Plaintiff filed this civil action against his surgeon, Correctional Health Partners, and Blumer. The district court initially dismissed the claims against the doctor and Correctional Health Partners as legally frivolous but allowed the claim against Blumer to proceed. Plaintiff contended that Blumer violated his rights by failing to "call the provider, like she should have, and initiate thing[s]." He believes that Blumer should have taken charge and sent him to the emergency room

3

immediately. He contended that if Blumer had sent him to the emergency room the afternoon of his injury, the needle would not have traveled as far into his body as it did. The district court granted summary judgment for Blumer, stating that Plaintiff did not provide sufficient evidence to prove a constitutional violation. Specifically, the district court held that Plaintiff's need for additional immediate medical treatment was not obvious the day of his injury and, at most, the evidence demonstrated inadvertent or negligent failure to provide appropriate medical care. The district court noted no evidence supported Plaintiff's assertion that the twenty-four-hour delay between his examination in the prison and his examination in the emergency room resulted in substantial harm he would not have otherwise endured. Plaintiff now appeals the summary judgment ruling.

## II.

"We review de novo a district court's grant of summary judgment" and "must view the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Bird v. West Valley City, 832 F.3d 1188, 1199 (10th Cir. 2016). We uphold the district court's grant of summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation." Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 875 (10th Cir. 2004). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." Phillips v. Calhoun, 956 F.2d 949, 950 n.3 (10th Cir. 1992).

4

III.

Prison officials "violate the Eighth Amendment's ban on cruel and unusual punishment if their 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain.'" Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. Negligence is not enough. Self, 429 F.3d at 1230. We analyze Plaintiff's claim under the familiar two-pronged inquiry first set forth in Farmer v. Brennan, 511 U.S. 825 (1994). "Under the objective inquiry, the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." Self, 429 F.3d at 1230. And "under the subjective inquiry, the prison official must have a 'sufficiently culpable state of mind.'" Id. at 1230–31. For purposes of the subjective component, a prison official "cannot be liable 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. at 1231 (quoting Farmer, 511 U.S. at 837).

Absent an "extraordinary degree of neglect," a Plaintiff does not meet his burden of satisfying the subjective component. Id. at 1232. Therefore, a claim is "actionable only in cases where the need for additional treatment or referral to a medical specialist is obvious." Id. Although "not subject to a precise formulation," we have recognized at least three contexts in which obviousness in the circumstances

5

of a missed diagnosis or delayed referral may arise.  Id.  Relevant here is the situation where "a medical professional completely denies care although presented with recognizable symptoms which potentially create a medical emergency, *e.g.*, a patient complains of chest pains and the prison official, knowing that medical protocol requires referral or minimal diagnostic testing to confirm the symptoms, sends the inmate back to his cell."  Id.

Ultimately, the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." Perkins v. Kan. Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).  "So long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met."  Self, 439 F.3d at 1233.

Blumer concedes the objective seriousness of the medical risk Plaintiff faced. So, applying the above standards, we consider whether Plaintiff presented sufficient evidence of the subjective component of his deliberate indifference claim to create a genuine issue of material fact—specifically, a showing of Blumer's culpable state of mind.  Plaintiff may demonstrate this by showing either Blumer's conscious disregard of a substantial risk of serious harm arising from Plaintiff's symptoms or actual knowledge of Plaintiff's condition and refusal to order further treatment.  Id.

As mentioned above, when Plaintiff visited the medical unit, he presented them with a sharp object, his back was not bleeding, and his pain level was low.

6

Even though the nurses did not send him to the emergency room immediately, one of them contacted a doctor who ordered Plaintiff an x-ray for the next day.

These facts, viewed in the light most favorable to Plaintiff, do not show conscious disregard of Plaintiff's medical needs. Blumer did not deny Plaintiff medical treatment. His claim is that the course of treatment was inadequate. Plaintiff stated in his deposition that an emergency room nurse told him that if he would have come in the day before, they "probably could have got it out, but it's done went down too far." But this statement does not bear on whether Blumer consciously disregarded a substantial risk in treating Plaintiff. See Self, 439 F.3d at 1234 (noting that a later medical assessment does not go to whether a previous medical professional consciously disregarded a substantial risk in treating a patient).

The nurses at the prison, at worst, misdiagnosed Plaintiff's condition. "But a misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient under our case law to satisfy the subjective component of a deliberate indifference claim." Id. Nothing in the record suggests that Plaintiff's symptoms obviously necessitated an immediate transfer to the emergency room or that Blumer failed to provide a course of treatment consistent with Plaintiff's symptoms. Indeed, during that same visit, a nurse contacted a physician who instructed him to schedule an x-ray for the next day.

A reasonable jury could not infer a conscious disregard of substantial risk from Blumer's missed diagnosis or her failure to send him to the emergency room right away. The nurses certainly did not send Plaintiff back to his cell with an outright

7

dismissal of his complaint. As mentioned above, Nurse Lowery, the nurse caring for Plaintiff, contacted a physician. And that physician ordered an x-ray that occurred the next morning. Even if the delay rose to negligence or medical malpractice, we would be speculating to conclude that Blumer had a culpable state of mind. And summary judgment "requires more than mere speculation." Id. at 1235. Indeed, it "requires some *evidence*, either direct or circumstantial, that [Blumer] knew about and consciously disregarded the risk. Id.

Additionally, we do not see any evidence in the record that can support an inference of actual knowledge that Blumer knew a portion of a needle was still in Plaintiff's back.

Although the record may create a question of fact that Blumer's treatment of Plaintiff was negligent, that question is not before us. Plaintiff fails to overcome the evidentiary hurdle for a deliberate indifference claim. We thus conclude the district court did not err in granting summary judgment.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

8